McCalla *v.* Knox, administrator.

That money sufficient to discharge a *fi. fa.* against a principal and
surety was raised thereon by levy and sale of the principal's prop-

erty, and by an erroneous judgment of a court of competent juris-
diction was distributed to void *fi. fas.* against the principal alone,
will not discharge the surety, although the plaintiff's attorney was
also the attorney of the plaintiff in one of the void *fi. fas.* sharing
in the distribution, no fraud being imputed to the attorney or
either of his clients, and the judgment making the distribution
never having been vacated or reversed.

January 20, 1890.

Illegality. Executions. Principal and surety. Levy
and sale. Judgments. Before Judge BOYNTON. Rock-
dale superior court. February adjourned term, 1889.

Affidavit of illegality by J. R. McCalla to the levy of
an execution in favor of Knox, administrator, against
C. R. McCalla, principal, and affiant, security. It was
dismissed on demurrer, and the execution ordered to
proceed; and the security excepted.

A. C. McCALLA and J. N. GLENN, for plaintiff in
error.

G. W. GLEATON, *contra.*

BLECKLEY, Chief Justice.

Upon an execution from the superior court in favor
of Knox, administrator, against C. R. McCalla, as prin-
cipal, and J. R. McCalla, as security, money enough to
pay it off was raised by the sale of the principal's prop-
erty. A rule was brought by Knox against the sheriff,
founded on that execution, for the money. At the
hearing of the rule Knox, represented by Gleaton,
claimed a portion of the fund on another execution
which was void because the justice's court had no juris-
diction to render the judgment on which it was founded.
Two other executions, void for a like reason, one in
favor of Stewart & McCalla, the other in favor of
McCalla Bros., were also put in to claim the money.
Gleaton was attorney for Stewart & McCalla as well as
for Knox, and he represented Knox not only as to the
void *fi. fa.,* but as to the valid one which brought the

money into court, and on which J. R. McCalla was security. The result of the rule was that the void *fi. fa.* of McCalla Bros. was paid off, and the balance of the fund, after deducting costs and expenses, was applied to the void *fi. fa.* in favor of Stewart & McCalla. Neither of the *fi. fas.* in favor of Knox took anything. This result was brought about, not by the consent of parties, but by the judgment of the superior court rendered upon the rule. That this judgment was erroneous is manifest, but it was carried into effect and has never been reversed or vacated. The question is whether such an appropriation of the money by order of the superior court, together with the fact that Gleaton, Knox's attorney, was also the attorney of Stewart & McCalla and contributed to have the fund misapplied, discharges the security on the valid *fi. fa.* in favor of Knox. We think it does not. No fraud is imputed. Gleaton had two clients; Knox on the one hand, Stewart & McCalla on the other. He did not undertake to decide between them as to their respective claims upon the fund, but submitted that question to the court. It is not alleged that he suggested any falsehood or suppressed any fact, or that the superior court did not have before it all the facts which are set up now by the security in his affidavit of illegality. The superior court had jurisdiction of the parties and the subject-matter, and we see no reason why its judgment should be treated as void or as more than merely erroneous. If Knox had received on his void judgment any of the money, perhaps the security on the valid judgment could insist rightfully upon the application of that money to the valid judgment; but as before stated, Knox was defeated on both his claims in the contest with other creditors for the fund, and that defeat was by a judgment of the superior court and not by any consent given by Knox himself, or by Gleaton as his attorney. What Gleaton did,

without fraud upon any one, as attorney for Stewart & McCalla, Knox is not responsible for.

The court committed no error in dismissing the affidavit of illegality.        *Judgment affirmed.*